UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARTHUR D'AMARIO, III, : | |
| : | |
| Petitioner, : | Civ. No. 13-4314 (RBK) |
| : | |
| v. : | **OPINION** |
| : | |
| J.T. SHARTLE, : | |
| : | |
| Respondent. : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I.    INTRODUDCTION

Petitioner is a federal prisoner currently incarcerated at the United States Penitentiary in Tucson, Arizona, but was previously incarcerated at F.C.I. Fairton in Fairton, New Jersey when he filed this action. Petitioner is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Presently before the Court is petitioner's motion for partial relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(2). For the following reasons, the motion will be denied.

## II.    BACKGROUND

The Court previously outlined the factual background of this case in denying petitioner's habeas petition on March 18, 2014. Most relevant to the instant motion, however, petitioner argued in his habeas petition that he was entitled to twenty-seven days additional days of jail time credits on his federal sentence that the Federal Bureau of Prisons was not awarding him from March 1, 2013 until March 28, 2013.[1]

---

[1] Petitioner raised other issues in his habeas petition that are not relevant to deciding his pending Rule 60(b)(2) motion.

1

On March 18, 2014, the Court denied the habeas petition in full.  With respect to petitioner's claim seeking additional jail time credits, the Court first noted that petitioner had failed to exhaust his administrative remedies.  The Court noted that petitioner's intermediate and highest level administrative level appeals were rejected as untimely and petitioner brought forth no evidence to suggest that those appeals were timely. Thus, the Court found that this claim was unexhausted as petitioner failed to comply with the procedural requirements of the administrative remedy process.  (*See* Dkt. No. 14 at p. 4 (citing *Valles v. Scism*, 435 F. App'x 98, 98 (3d Cir. 2011) (per curiam); *Beckford v. Martinez*, 408 F. App'x 518, 520 (3d Cir. 2010) (per curiam)).) The Court also stated that even if petitioner had properly exhausted his administrative remedies, his claim could be denied on the merits.  The Court determined that petitioner was being held by Canadian immigration authorities for purposes of deportation from March 2, 2013 until March 28, 2013.  This meant that he was not under "official detention" to award him jail time credits on his federal sentence for this period.  (*See* Dkt. No. 14 at p. 6-8.)

Petitioner filed a notice of appeal from the March 18, 2014 Opinion and Order that denied his habeas petition.  The United States Court of Appeals for the Third Circuit summarily affirmed this Court's March 18, 2014 Opinion and Order on October 2, 2014.  *See D'Amario v. Warden Fairton FCI*, No. 14-1736, 2014 WL 4922340 (3d Cir. Oct. 2, 2014) (per curiam).  Prior to that affirmance, on September 15, 2014, this Court received petitioner's motion for partial relief from judgment pursuant to Rule 60(b)(2).  (*See* Dkt. No. 18.)  In the motion, petitioner argues that he is entitled to twenty-three days of jail time credits as he was under U.S. Marshals custody from March 5, 2013 until March 28, 2013.  In support of his motion, petitioner attaches a "Report of Investigation" form from the United States Marshals Service dated April 22, 2013. The report states as follows:

> On 03/13/2013, members of the NYRT were notified of a Arthur Damario that was being held by customs and border protection at the Rainbow Bridge in Niagara Falls, NY. Damario was being held on a U.S. Marshals warrant for federal supervised release violations. On 03/13/2013, members of the NYRT arrested Damario, without incident, and transported him to the Buffalo courthouse for arraignment.

(Dkt. No. 18 at p. 5.) Based on this newly discovered document, petitioner argues that he is entitled to jail time credits as he was in "official detention" for a period of time prior to the March 28, 2013 date that the Federal Bureau of Prisons is using to calculate his federal sentence.

### III. DISCUSSION

A. Rule 60(b)(2) Standard

Federal Rule of Civil Procedure 60(b)(2) provides that the court may relieve a party from a final judgment or order for "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." The standard for granting relief under Rule 60(b)(2) for newly discovered evidence is the same as under Rule 59. *See Colyer v. Consol. Rail Corp.*, 114 F. App'x 473, 480 (3d Cir. 2004) (citing *Compass Tech., Inc. v. Tseng Labs, Inc.*, 71 F.3d 1125, 1130 (3d Cir. 1995)). "Newly discovered evidence can justify a new trial 'only if such evidence (1) is material and not merely cumulative, (2) could not have been discovered prior to trial through the exercise of reasonable diligence, *and* (3) would probably have changed the outcome of the trial.'" *Id.* (citing *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991)) (emphasis in original). "The party seeking a new trial 'bears a heavy burden' since relief "should be granted only where extraordinary justifying circumstances are present.'" *Id.* (citing *Bohus*, 950 F.2d at 930).

B. Analysis

For purposes of deciding this motion, the Court will assume *arguendo* that the evidence petitioner has provided the Court is material and not cumulative and could not have been discovered prior to the Court's denial of his habeas petition through the exercise of due diligence. However, petitioner has failed to show that the document would have changed the Court's decision on this claim. Certainly, on its face, the U.S. Marshals' report places some doubt with respect to what type of detention petitioner was under prior to March 28, 2013. In the March 18, 2014 Opinion, the Court relied on the fact that Canadian officials had stated that petitioner was in their custody for immigration purposes only from March 2, 2013 until March 28, 2013. (*See* Dkt. No. 14 at p. 6-7 (citing Dkt. No. 7-6 at p. 10).) However, the Marshals' report attached to petitioner's Rule 60(b)(2) motion appears to indicate that petitioner was arrested by the U.S. Marshals on March 13, 2013, not March 28, 2013 as stated in the prior Opinion. Thus, the Court recognizes a potential contradiction with respect to petitioner's custody status prior to March 28, 2013.

If the Court solely denied petitioner's claim on the merits, then perhaps petitioner would be entitled to relief (or, at a minimum, at least have the respondent file a response to his Rule 60(b)(2) motion). However, the Court also denied petitioner's claim because he failed to exhaust his administrative remedies. Petitioner's Rule 60(b)(2) motion is devoid of any argument for why the Court should excuse this failure to exhaust. Indeed, the Third Circuit recently determined that this Court had properly held that petitioner failed to exhaust this claim. *See D'Amario*, 2014 WL 4922340, at *1. Accordingly, petitioner's motion will be denied as his Rule 60(b)(2) motion does not show why the Court should excuse petitioner's failure to exhaust his administrative remedies on his claim for additional jail time credits.

4

## IV.     CONCLUSION

For the foregoing reasons, petitioner's motion for partial relief from judgment will be denied.  An appropriate order will be entered.


DATED:   October 31, 2014

                                                                             s/Robert B. Kugler
                                                                             ROBERT B. KUGLER
                                                                             United States District Judge